UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHRISTIAN THOMAS RITTER

CIVIL ACTION

NO: 11-1513

SECTION: "J" (1)

**ORDER AND REASONS**

Before the Court is the bankruptcy appeal of William G. Cherbonnier, Jr. ("Appellant"), counsel for debtor Christian Thomas Ritter ("Debtor") in an underlying Chapter 13 bankruptcy case pending in the Bankruptcy Court for the Eastern District of Louisiana. Appellant has filed a brief (Rec. Doc. 7); there is no appellee. Having considered the Appellant's brief, the record, and the applicable law, the Court finds that the decision below should be REVERSED.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Appellant represented Debtor in a Chapter 13 bankruptcy case. The plan was confirmed subject to Appellant filing an amended plan to include language orally specified by the

bankruptcy court. Rec. Doc. 55.[1] The bankruptcy court found that the amended plan did not comply with the court's ruling, and thus it ordered, *sua sponte*, Appellant to appear and show cause "as to why the Court should not reconsider confirmation of the debtor's plan for failure to comply with the order of the Court." Id. The bankruptcy court held a hearing on the show-cause order on May 10, 2011, and issued an "Order of Sanctions" on the following day, May 11, 2011. In that order, Appellant was held in contempt of court "for failure to timely file the appropriate amended plan as ordered by the Court," and the bankruptcy court ordered sanctions in the amount of $500 to be paid into the bankruptcy court's registry. Rec. Doc. 58.[2] Appellant paid the fine under protest and filed a notice of appeal.

The order to appear and show cause did not mention the possibility of monetary sanctions or a finding that Appellant was in contempt of court. At the hearing, Appellant's case concerning Debtor was one of at least three show-cause hearings set for May 10, 2011. Appellant's brief presents the "entire

---

[1] All docket citations are to Eastern District of Louisiana Bankruptcy Case No. 10-13169, unless specifically noted otherwise.

[2] Although in open court the bankruptcy judge stated that the fine was "for failure to be able to advise the Court on to [sic] what's being done by this [the filing of an amended plan]," Rec. Doc. 70, at 10, the order imposing sanctions stated that the fine was for Appellant's failure to comply with the prior court order that required the filing of an amended plan. Rec. Doc. 58.

2

hearing" regarding the Ritter matter as containing the following colloquy:

```
4      [THE COURT:] Next case, Ritter, 10-13169. Have
        you filed this
5   one?
6      MR. CHERBONNIER: Your Honor, ---
7      THE COURT: Yes or no?
8      MR. CHERBONNIER: Your Honor, -- I
9   thought that ---
10     THE COURT: Five hundred dollar fine for failure
       to
11  be able to advise the court what's being done by
       this [sic].
12     THE COURT: Next case, Taylor, 09-12925, Order
       to Show Cause.
```

Civil Action No. 11-1513, Rec. Doc. 7, at 7. However, the official transcript of the hearing reveals that the bankruptcy court gave more opportunity for argument than that indicated by the above-quoted portion of the transcript.

On May 10, there were three show-cause orders set for hearing, and Appellant was counsel for the debtor in each of those three cases. Rec. Doc. 70, at 3.[3] When the bankruptcy judge called the first case regarding a debtor named Jenny Ho, Appellant proceeded to mention not only that case, but also the one concerning the Debtor in the present case. Appellant then informed the bankruptcy court of the reasons for his failure to

---

[3] The bankruptcy judge stated that Appellant was the subject of *five* orders to show cause. Rec. Doc. 70, at 5.

file the amended plan in the Jenny Ho case.  Appellant subsequently mentioned both Jenny Ho's and Debtor's cases together in the context of an emergency room visit that allegedly precluded him from complying with the bankruptcy court's prior order.  Id. at 7.  Although, per the transcript portion quoted by Appellant, the hearing on Debtor's case appears to have been almost nonexistent, the record shows that Appellant in the Jenny Ho hearing was able to present his arguments concerning office troubles and personal issues that apparently were relevant to Debtor's case.

The bankruptcy court also imposed upon Appellant two other $500 fines on May 10, one in the Jenny Ho case and one in the case immediately following Debtor's case.  Id. at 9-10.  The Court's research indicates that Appellant has separately appealed these two other decisions in Civil Action Nos. 11-1512 and 11-1592.  Those appeals are pending in this Court.  The legal arguments raised in Appellant's briefs in those other appeals are nearly (if not exactly) identical to those presented in the instant appeal.

**THE PARTIES' ARGUMENTS**

Appellant primarily argues that the bankruptcy court abused

its discretion in finding Appellant in contempt of court and imposing sanctions without a meaningful hearing.  He argues that because the purpose of the fine in this case was to punish Appellant and vindicate the bankruptcy court's authority, it was a criminal fine for which criminal procedure and process should have been followed.  He argues that the bankruptcy court lacked the power to find Appellant in criminal contempt of court because the bankruptcy court is not an Article III court.  Additionally, because this was a finding of *criminal* contempt, Appellant was constitutionally entitled to prior and adequate reasonable notice of the charge and an opportunity for a hearing.  Appellant did not receive this due process because there was no prior notice of the possibility of being held in contempt or sanctioned.  Rather, the bankruptcy court summoned Appellant to explain why a motion should not be dismissed for non-compliance with a court order.

Appellant argues that the bankruptcy court abused its discretion in imposing sanctions without a specific finding of bad-faith conduct.  A court may in certain situations use its inherent sanctioning power.  However, this power must be exercised with restraint and discretion.  Because the court did not make a specific finding that Appellant was in bad faith, Appellant argues, the imposition of sanctions was improper.

5

Therefore, Appellant requests that this Court reverse the bankruptcy court order appealed from and set it aside in its entirety.

**DISCUSSION**

**A. Standard of Review**

This Court has previously stated the standard of review applicable to bankruptcy appeals:

> For a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. 28 U.S.C. § 158(c). Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard. In re Killebrew, 888 F.2d 1516, 1519 (5th Cir.1989). Conclusions of law are reviewed *de novo*. In re Kennard, 970 F.2d 455 (5th Cir.1991). Mixed questions of fact and law are also reviewed *de novo*. In re Bowyer, 916 F.2d 1056 (5th Cir.1990).

Hurstell v. Clement, 2000 WL 1100387, at *2 (E.D. La. August 4, 2000).

**B. Analysis**

Appellant appeals both (1) the finding of contempt and (2) the imposition of the $500 fine. To a certain extent, the contempt and the fine present overlapping legal issues. However, the Court begins its analysis with the criminal contempt finding.

**1. Contempt Order**

The Fifth Circuit Court of Appeals has held that "[b]ankruptcy courts have no inherent or statutory power . . . to preside over section 401(3) criminal contempt trials for violation of bankruptcy court orders or to acquit, convict, or sentence for such offenses." Matter of Hipp, Inc., 895 F.2d 1503, 1521 (5th Cir. 1990).[4] Therefore, the Court must first classify the contempt order at issue as either criminal or civil. If it is criminal, the bankruptcy court lacked the power to issue it.[5] A contempt order is classified as civil or criminal according to its primary purpose. Lamar Fin. Corp. v. Adams, 918 F.2d 564, 566 (5th Cir. 1990). It is criminal "[i[f the purpose of the sanction is to punish the contemnor and vindicate the authority of the court." Id. It is civil "[i]f the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation." Id. Further, "[a] key determinant in this inquiry is whether the penalty imposed is absolute or conditional on the contemnor's conduct." Id.

---

[4] The reference to "section 401" is to Title 18 U.S.C. Section 401, which provides criminal contempt authority to federal courts.

[5] The Fifth Circuit left open the possibility of bankruptcy court criminal contempt power for contempts committed in or near the bankruptcy court's presence. See Matter of Hipp, 895 F.2d at 1509 (limiting its holding to contempts not committed in (or near) the bankruptcy court's presence). However, Appellant's failure to file a document does not meet this description.

It is difficult to classify the contempt order at issue because of its lack of explicit nexus to anything outside of the language of the order. The rule to show cause did not mention the possibility of contempt, but rather only the possibility of the sanction of the bankruptcy court's reconsideration of confirmation of the Debtor's plan for Appellant's failure to comply with a prior court order. Even after the bankruptcy court went beyond the scope of the show-cause order to impose a fine in open court, the bankruptcy judge did not then mention the possibility of a contempt finding. <u>See</u> Rec. Doc. 70, at 9-10 (imposition of three fines without mention of contempt). The contempt order for Appellant's failure to comply with a prior court order appeared in the "Order Imposing Sanctions." Rec. Doc. 58. Although there is no trail of reasoning to follow, the Court must determine the primary purpose of the contempt order.

The contempt order was for Appellant's failure to timely file the amended plan as had been previously ordered by the bankruptcy court. The bankruptcy court was clearly concerned with punishing prior conduct—Appellant's failure to file the court-ordered document. Although the contempt order is not expressly tied to the $500 fine, the fact that both the contempt order and the fine are listed consecutively in the sanction order

8

(Rec. Doc. 58) indicates that there is some connection between the two. Thus, it is appropriate to look to what the bankruptcy judge stated in open court during the show-cause hearing to determine the primary purpose of the contempt order. From the hearing transcript, it is evident that the contempt order was a vindication of the bankruptcy court's authority. Although perhaps it is less clear as to the two other cases for which fines were imposed, as to the fine imposed in the instant case, the judge imposed a fine "for failure *to be able to advise the Court*" on the case's status. Rec. Doc. 70, at 10 (emphasis added). This was not a penalty meant to coerce future conduct, but rather a punishment for Appellant's lack of preparation and a vindication of the bankruptcy court's power to conduct well-informed, efficient proceedings. Thus, the Court finds that the contempt was criminal in nature.[6] Because the contempt was criminal, the portion of the bankruptcy court order appealed from that found Appellant in contempt of court must be reversed.[7]

---

[6] This finding is buttressed by the fact that the contempt proceeding, to the extent there was one, was initiated by the bankruptcy court *sua sponte*. See In re Hunt, 754 F.2d 1290, 1293 (5th Cir. 1985) (finding that a contempt proceeding was civil in nature, where it was initiated by an adverse party and not by the court).

[7] Further, because the bankruptcy court lacked the authority to make the criminal contempt finding, this Court may not proceed to *de novo* review of the finding. See Matter of Hipp, 895 F.2d at 1519 (stating that even where the district court could perform *de novo* review of a contempt finding, "the fact that the initial proceeding lacked a constitutionally competent adjudicator

**2. Fine**

The fine presents a quandary. If the fine was a sanction imposed for Appellant's contempt of court, clearly it was improper because the contempt order was criminal in nature. However, as previously discussed, the fine was imposed in open court, and only in the later-issued written order was there a finding of contempt. And yet, the written order suggests that the sanction arises from the contempt. The order states, "IT IS ORDERED that [Appellant], is in contempt of Court," and then immediately follows with "IT IS FURTHER ORDERED that [Appellant] tender sanctions in the amount of $500.00 to the Clerk . . . ." Rec. Doc. 58. Logically, that an order of sanctions immediately follows a finding of contempt seems to imply that the sanctions are imposed to punish the contempt.

If the fine was not the result of the contempt finding, arguably the bankruptcy court properly imposed the fine under the congressional grant of authority in Title 11 U.S.C. Section 105.[8]

---

may nonetheless be fatal").

[8] This possibility has not been briefed. Section 105 provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Additionally, a bankruptcy court may use its inherent sanction authority "in some circumstances . . . to impose relatively mild non-compensatory fines." In Re Fjeldsted, 293 B.R. 12, 28 (BAP 9th Cir. 2003) (quotation marks omitted). However, the Fifth Circuit "has held that '[i]n order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in "bad faith"'." Elliott v. Tilton, 64 F.3d 213, 217 (5th Cir. 1995). In this case, there was no specific finding of bad faith. Thus, if the bankruptcy court had inherent sanction authority to impose the fine, it appears that the bankruptcy court did not properly exercise its inherent authority.

The Court need not resolve whether the bankruptcy court *could have* statutory or inherent authority to impose a fine like the one at issue, because the Court finds that the fine was a sanction for Appellant's criminal contempt of court. The original show-cause order concerned Appellant's failure to comply with a prior court order to amend the reorganization plan. At

---

11 U.S.C. § 105(a). Courts have held that this statute implicitly gives bankruptcy courts the power to impose sanctions in certain circumstances. See, e.g., Matter of Volpert, 110 F.3d 494, 501 (7th Cir. 1997) (stating "that the plain language of § 105 furnishes the bankruptcy courts with ample authority to sanction conduct that abuses the judicial process, including conduct that unreasonably and vexatiously multiplies bankruptcy proceedings.").

the hearing, the bankruptcy court discussed this failure to comply and then ordered a $500 fine. The contempt order states that it is for Appellant's failure to timely file the plan as ordered by the court, and it is followed by a written memorialization of the $500 fine previously ordered in open court. Thus, the fine is sufficiently connected with the contempt finding for the fine to be a sanction for contempt. Because the bankruptcy court lacked the power to impose the $500 fine as a sanction for criminal contempt, that decision must be reversed.[9]

For the foregoing reasons, **IT IS ORDERED** that the decision of the bankruptcy court is **REVERSED**.

New Orleans, Louisiana this 28th day of November, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[9] The Court is respectful of the bankruptcy court's desire to maintain efficiency and proper decorum in court proceedings. The bankruptcy court is not powerless in situations involving potential criminal contempt. Bankruptcy courts may certify criminal contempt matters to district courts for further proceedings. See In re Rodriquez, 2007 WL 593582, at *16 (W.D. Tex. Feb. 20, 2007).